*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Guardianship of DRB.

DARLENE DALESSANDRO, Guardian of DRB,

      Petitioner-Appellee,

v

MICHAEL J. PRICE and TERESA M. PRICE,

      Respondents-Appellants.

UNPUBLISHED
August 15, 2025
1:46 PM

No. 375014
Clinton Probate Court
LC No. 23-031987-GM

Before: K. F. KELLY, P.J., and MARIANI and ACKERMAN, JJ.

PER CURIAM.

In this minor-guardianship proceeding under the Estates and Protected Individuals Code, MCL 700.1101 *et seq.*, respondents, adoptive parents Michael J. Price (Michael) and Teresa M. Price (Teresa), appeal by right the March 7, 2025 order (the "2025 Order") requiring respondents to permit and facilitate sibling visitation between their minor children, DRB, the ward; and AB, his sister. The 2025 Order enforced a November 28, 2023 order (the "2023 Order"), which, in relevant part, appointed petitioner, Darlene Dalessandro, as DRB's guardian under MCL 700.5204(2)(b), and ordered the parties to permit and facilitate sibling visitation between DRB and AB. Because the probate court lacked legal authority to order and enforce sibling visitation, we vacate the 2023 Order and reverse the 2025 Order.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Siblings DRB and AB grew up in several foster care placements. In December 2017, they were placed with their great-uncle, Michael, and great-aunt, Teresa. Respondents adopted DRB and AB in February 2019. Over the years, there was a breakdown in the relationship between respondents and DRB. In March 2023, DRB was placed in the care and custody of petitioner, his great-aunt, while AB remained with respondents. Petitioner, Teresa's sister, indicated that she was estranged from respondents because of an unspecified incident that occurred in 2019 or 2020.

-1-

In October 2023, petitioner filed a petition in the probate court requesting that she be appointed as DRB's guardian. Petitioner additionally requested that the court order respondents to allow DRB to have contact with AB. In November 2023, the probate court appointed petitioner as DRB's guardian and ordered sibling visitation, stating, "[Respondents] and [petitioner] shall permit and facilitate sibling visitation with [AB] twice a month for 2 hours at a time without adults at a location identified alternatively by the siblings at a date and time selected by the siblings."

Respondents objected to the sibling-visitation provision; however, no appeal was taken. Only a few visits took place in the following months. In January 2025, petitioner moved to enforce the sibling-visitation provision of the 2023 Order, contending that respondents continued to resist her efforts to arrange sibling visits. In response, respondents asserted that AB was not under the probate court's jurisdiction and that, consequently, the sibling-visitation provision of the 2023 Order was void. Respondents also argued that enforcement of the order would infringe on their due-process rights with respect to their control, custody, and care of AB. Following a hearing, the probate court granted petitioner's motion to enforce the 2023 Order, noting respondents' failure to originally appeal it. The court then entered the 2025 Order, requiring that "sibling visitation shall take place consistent with the provisions of" the 2023 Order. This appeal ensued.

## II. STANDARDS OF REVIEW

"Whether this Court has jurisdiction to hear an appeal is a question of law reviewed de novo." *In re Farris/White*, 340 Mich App 619, 624; 987 NW2d 912 (2022) (quotation marks and citation omitted). Likewise, "[a] claim that the lower court lacks jurisdiction is a question of law, which this Court reviews de novo." *In re ADW*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 368361); slip op at 3 (quotation marks and citation omitted). "Similarly, this Court reviews constitutional issues de novo," as well as "the interpretation and application of statutes and court rules." *Id*. at ___; slip op at 3 (quotation marks and citation omitted). This Court generally reviews the decisions of a probate court for an abuse of discretion. *In re Huntington Estate*, 339 Mich App 8, 17; 981 NW2d 72 (2021). "An abuse of discretion occurs when the decision resulted in an outcome falling outside the range of principled outcomes," and "[a]n error of law necessarily constitutes an abuse of discretion." *Id*. (quotation marks and citations omitted).

## III. ANALYSIS

As a preliminary issue, petitioner contends that this Court does not have jurisdiction over the matter because the 2025 Order is not a final order subject to appeal. Whether a probate court order is appealable to this Court is controlled by MCR 5.801(A). See also *In re Guardianship of Bazakis*, 342 Mich App 144, 149; 992 NW2d 673 (2022) (noting that MCR 5.801(A) defines appealable probate court orders, not MCR 7.202), vacated in part on other grounds 513 Mich 1006 (2024). MCR 5.801(A)(3) permits an appeal by right from "a final order affecting the rights and interests of an adult or a minor in a guardianship proceeding under the Estates and Protected Individuals Code[.]" Further, MCR 5.801(A)(5) permits an appeal by right from "an order entered in a probate proceeding, other than a civil action commenced in a probate court, that otherwise affects with finality the rights or interests of a party or an interested person in the subject matter[.]"

We conclude that this Court has jurisdiction to review whether the probate court erred by ordering enforcement of the 2023 Order. The 2025 Order "resolve[d] the issues relative to the

Petitioner/Guardian's Verified Motion to Enforce Court Order," and left all prior probate court orders in effect. Therefore, the 2025 Order affected with finality respondents' interests in the matter, and was appealable under MCR 5.801(A)(5). See *Bazakis*, 342 Mich App at 149 (holding that a probate court's order compelling compliance with an earlier order was appealable under MCR 5.801(A) because it affected with finality the appellant's interest in the matter). The fact that the 2025 Order states it is "not a final Order" is not dispositive. See *Faircloth v Family Independence Agency*, 232 Mich App 391, 400; 591 NW2d 314 (1998) (explaining that mere certification of an order as final does not determine whether it is final for the purposes of appellate jurisdiction).

We now turn to respondents' argument that the probate court erred by ordering enforcement of its 2023 Order regarding sibling visitation. Respondents argue that the probate court did not have authority to enter the sibling visitation-provision in the 2023 Order, and it erred by granting petitioner's motion to enforce the 2023 Order. We agree that the probate court abused its discretion because it lacked authority to order—and consequently, enforce—sibling visitation.

This Court recently "defined the narrow limits" of a probate court's authority to order visitation between a ward and his or her relatives. *ADW*, ___ Mich App at ___; slip op at 6. In *ADW*, a probate court ordered sibling visitation between the ward and her maternal siblings. *Id*. at ___; slip op at 3. This Court noted the lack of "statutes, court rules, or caselaw that suggest a relative who is not a parent or grandparent has authority to request court-ordered visitation," and concluded that the probate court "lacked legal authority to enter an order directing [the ward] to have visits with her maternal siblings." *Id*. at ___; slip op at 6 (quotation marks and citations omitted). This Court has come to the same conclusion in the context of juvenile-guardianship proceedings. See *In re Prepodnik*, 337 Mich App 238, 243; 975 NW2d 66 (2021) (holding that a trial court "committed a clear legal error when it determined that it had the authority to order visitation with [the ward's] paternal relatives").

*ADW* makes clear that a probate court in a minor-guardianship proceeding does not have legal authority to order sibling visitation. As such, the probate court abused its discretion when it entered an order enforcing sibling visitation between DRB and AB. We note that respondents interchangeably refer to the probate court as lacking "jurisdiction" and lacking "authority." "[T]here is a widespread and unfortunate practice among both state and federal courts of using the term 'jurisdiction' imprecisely, to refer both to the subject-matter and the personal jurisdiction of the court, and to the court's general authority to take action." *People v Washington*, 508 Mich 107, 124; 972 NW2d 767 (2021). In *ADW*, it is clear that this Court was concerned about the probate court's legal *authority* with regard to sibling visitation, not its subject-matter or personal jurisdiction, and we conclude that this is the proper framework for assessing the issue in this case.[1]

---

[1] Having concluded that the probate court lacked legal authority to order and enforce sibling visitation, we need not address respondents' due-process arguments. See *Dep't of Transp v Riverview-Trenton R Co*, 332 Mich App 574, 603 n 12; 958 NW2d 246 (2020) (explaining that appellate courts should not decide constitutional issues when a case can be decided on other grounds).

Reversed and remanded for further proceedings consistent with this opinion. Having prevailed on appeal, respondents may tax costs. MCR 7.219(A). We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Philip P. Mariani
/s/ Matthew S. Ackerman